# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**HUSSEIN BERRY,**
individually and on behalf of
all similarly-situated persons,

**Hon.**

**Case No:**

     Plaintiff,

v.

**BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN,**

     Defendant.                Demand for Jury Trial

**AYAD LAW, P.L.L.C.**
Nabih H. Ayad (P59518)
Attorney for Plaintiff
2200 Canton Center Rd. Suite 220
Canton, MI 48187
Phone: (734) 983-0500
Fax:    (734) 983-0520
nayad@ayadlaw.com

There is no other pending or resolved civil
action arising out of the same transaction or
occurrence alleged in this Complaint.

## CLASS ACTION COMPLAINT

     **NOW COMES** Plaintiff, Hussein Berry, and Class members, by and

through their attorney, AYAD LAW, P.L.L.C., and for their Complaint against the

L A W   O F F I C E S
**N A B I H   H . A Y A D   & A S S O C I A T E S   P. C.**
2 2 0 0   C a n t o n   C e n t e r   R o a d ,   S u i t e   2 2 0
C A N T O N ,   M I C H I G A N   4 8 1 8 7
( 7 3 4 )   9 8 3 - 0 5 0 0

Defendant, BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, state as follows.

## **NATURE OF THE ACTION**

Plaintiff brings this suit after unlawfully being denied in-state tuition at the University of Michigan. Plaintiff immigrated to the United States, specifically Dearborn, Michigan in 2006 and is presently a United States citizen, along with his brother and his parents. Despite only ever living in Michigan upon his immigration to the United States in 2006, and graduating from a Michigan middle and high school, Plaintiff has been denied in-state tuition. However, Michigan is the only state in which Plaintiff could establish residency to obtain in-state tuition as Plaintiff does not have a connection with any other state. Plaintiff has been denied in-state tuition for arbitrary reasons and based upon attenuated reasoning regarding his family's international ties. As a result, Defendant has denied Plaintiff due process and equal protection of the law under the Fourteenth Amendment of the United States Constitution and Defendant has unjustly been enriched in the process. Plaintiff is only one of many individuals in the local community who have immigrated to the United States and whose family maintains some out-of-state connection. Therefore, given the global recognition of the University of Michigan

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

as a destination for a superb higher education and the diversity of its student body,[1] there are likely many other individuals similarly situated to Plaintiff.

## THE PARTIES

1. Plaintiff Hussein Berry is a 20 year old student who currently attends the University of Michigan at Dearborn. Plaintiff is a United States Citizen, resides in Dearborn Michigan, and is domiciled in Michigan.

2. Defendant is the Board of Regents of the University of Michigan ("Board"). The Board is currently comprised of Mark J. Bernstein, Julia Donovan Darlow, Laurence B. Deitch, Shauna Ryder Diggs, Denise Illitch, Andrea Fischer Newman, Andrew C Richner, and Katherine E. White. The Board of Regents is an elected body given authority under the Michigan Constitution to manage and operate the University of Michigan, which includes implementing residency requirements for in-state tuition.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C § 1331 as the lawsuit concerns a federal question. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count III as the claim is related to

---

[1] As of 2013, only 57.4% of the University's Ann-Arbor student body considered themselves "white." Ethnicity Reports, http://ro.umich.edu/enrollment/ethnicity.php (last visited May 5, 2014).

L A W   O F F I C E S
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

the claims in this action within such original jurisdiction that it forms part of the same case or controversy.

4. Venue is proper is this Court Pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in the Eastern District of Michigan. Venue is also proper under 28 U.S.C. § 1391(b)(1) as Defendant resides in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

5. Plaintiff repeats and re-alleges the allegations of the prior paragraphs as though fully set forth herein.

6. Under Article VIII, Section 5 of the Michigan Constitution, the Board has the power of general supervision of the institution and control of its direction of all expenditures from the institution's funds.

7. Pursuant to this grant of authority, the Board can create guidelines to establish eligibility for in-state tuition costs.

8. There exists an enormous gap between costs for in-state and out-of-state tuition. Presently, at the University of Michigan at Ann Arbor, in-state tuition is approximately $13,142 and $14,812 per year for underclassmen and upperclassmen respectively. However, the tuition cost increases for non-

residents to $40,230 and $43,230 per year for underclassmen and upperclassmen respectively.[2]

9.     At the University of Michigan at Dearborn, in-state tuition is approximately $10,854 per year for Michigan residents. However, the tuition cost increases for non-residents to $23,364 per year.[3]

10.    At the University of Michigan at Flint, tuition is $372.00 per credit hour for resident underclassmen and $377.25 for resident upperclassman. However, the tuition costs increases for non-residents to $742.50 and $753.25 per credit hour for underclassmen and upperclassmen respectively. [4]

11.    Since there is a great disparity between the tuition cost for in-state and out-of-state tuition, it is vitally important for students to qualify for in-state tuition when warranted.

12.    The University of Michigan currently has three ways to establish eligibility for in-state tuition: (1) establishing eligibility through Michigan residence; (2) establishing eligibility by attending Michigan schools; and (3) establishing eligibility through service. Each way will be discussed in turn.

---

[2]     University of Michigan at Ann Arbor Costs, http://www.admissions.umich.edu/drupal/costs (last visited May 5, 2014).

[3]     University of Michigan at Dearborn Costs, http://www.umd.umich.edu/fa_cost_and_budgets/ (last visited May 5, 2014).

[4]     University of Michigan at Flint Costs, http://www.umflint.edu/studentaccounts/fall_winter_v2 (last visited May 5, 2014).

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

13.     To establish eligibility through Michigan residence, the University of Michigan has set forth general principles. Under these principles, an individual

> must establish that the State of Michigan is your home and that you intend to remain in the State permanently. This will depend on, among other things, where you live, work, and attend school; where you have lived, worked, and attended school; where your parents or guardians live; and other evidence that you intend to make Michigan your permanent home.

University of Michigan Guidelines for Qualifying for In-State Tuition, Section I.A.[5]

14.     Upon application, if it is determined that a student may have out-of-state activities that suggest the student does not qualify for in-state tuition, the student will be required to complete and Application for Resident Classification.

15.     Out-of-state activities that warrant such review include[6]:

 (a) living outside the State of Michigan for any purpose, including, but not limited to, education, volunteer activities, travel, or employment;

 (b) attending or graduating from a college outside the State of Michigan;

 (c) living or working outside the State of Michigan at any time within the last three years;

---

[5] University of Michigan Guidelines for Qualifying for In-State Tuition, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

[6] University of Michigan Guidelines for Qualifying for In-State Tuition, Section I.B.1, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

<div style="text-align: center; writing-mode: vertical">

**NABIH H. AYAD & ASSOCIATES P.C.**
LAW OFFICES
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

</div>

(d) not being a U.S. citizen;

(e) having a spouse, partner, or parent in Michigan as a nonresident student, medical resident, fellow or for military assignment or other temporary employment;

(f) being 24 years of age or younger and having a parent live outside the State of Michigan;

(g) being 24 years of age or younger and attending or graduating from a high school outside the state of Michigan;

(h) attending or graduating from an out-of-state high school and being involved in educational pursuits for the majority of time since high school graduation; and

(i) attending any University of Michigan campus (Ann Arbor, Dearborn, or Flint) as a nonresident.

16.     The aforementioned activities are not exhaustive, and other circumstances may require further review.[7]

17.     Further, possessing such a factor does not supposedly disqualify an individual from qualifying for in-state tuition, but subjects their circumstances to greater scrutiny.

---

[7] University of Michigan Guidelines for Qualifying for In-State Tuition, Section I.B.1, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

18.     After submitting an Application for Resident Classification, the University's

Residency Classification Office will evaluate the information provided by the

student to determine whether the student has presented by clear and convincing

evidence that Michigan is his or her permanent legal residence.[8]

19.     The University provides guidelines that can demonstrate permanent

Michigan residence, including:

(a) Having your parents or parents-in-law (or in the case of divorce, one parent

    or parent-in-law) be permanent legal residents of Michigan as demonstrated

    by permanent employment in the State, establishment of a primary household

    in Michigan, and severance of out-of-state ties. An individual must also show

    that he or she has severed all out-of-state ties that suggest another state is

    your legal residence.

(b) Being employed in Michigan in a full-time, permanent position, and your

    employment is the primary purpose for your or your family's presence in the

    State, and you have severed any out-of-state ties that suggest another state is

    your legal residence.

---

[8] University of Michigan Guidelines for Qualifying for In-State Tuition, Section
I.B.2, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

(c)  Having a spouse or partner employed in Michigan in a full-time, permanent position, your spouse or partner's employment is the primary purpose for your family's presence in the State, and you have severed all out-of-state ties that suggest another state is your legal residence. I.B.2.a

20.       The University also provides guidelines for circumstances that, alone, do not demonstrate Michigan residence,[9] such as:

(a)  Being enrolled in a high school, community college, or university in Michigan;

(b)  Being enrolled in a medical residency program, fellowship, or internship in Michigan;

(c)  Being employed in Michigan in temporary or short-term work or of the type usually considered an internship or apprenticeship;

(d)  Having a spouse or partner's employment in Michigan be temporary or of the type usually considered an internship or apprenticeship;

(e)  Having spouse or partner's employment in Michigan be permanent but you are in the State for temporary reasons;

(f)  Being employed in position in Michigan that is normally held by a student;

_____

[9] University of Michigan Guidelines for Qualifying for In-State Tuition, Section I.B.2.b, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

(g)  Paying  Michigan income tax or filing Michigan resident income tax returns;

(h)  Having  relatives (other than parents) live in Michigan;

(i)  Owning property or paying Michigan property taxes;

(j)  Possessing a Michigan driver's license or voter's registration;

(k)  Possessing a Permanent Resident Alien visa;

(l)  Having continuous physical presence in Michigan for one year or more;

(m) Signing a statement of intent to be domiciled in Michigan.

21.    If a student does not qualify for in-state tuition through establishing residency, the student may still be eligible by establish eligibility by attending Michigan schools.[10] A student may qualify this way by meeting the following criteria: (1)  attending an accredited Michigan high school for at least three years and thereafter (a) graduating from an accredited Michigan High School or (b) receiving a Michigan General Educational Development High School Equivalency Certificate (GED); (2) attending an accredited Michigan middle or junior high school for the two years preceding high school; and (3) and commencing your education at the University within twenty-eight months of graduating from the Michigan high school or receiving your GED.

_____

[10] University of Michigan Guidelines for Qualifying for In-State Tuition, Section II, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

L A W   O F F I C E S
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

22.     Finally, to establish eligibly through service,[11] a student may qualify for in-state tuition, without regard to their legal residence, by demonstrating any of the following:

(a)  Serving on being on active duty in the U.S. Army, Navy, Air Force, Marines, National Guard, Merchant Marine, or Coast Guard;

(b)  Being a reservist in one of those branches;

(c)  Being honorably discharged or receiving a general discharge under honorable conditions from one of those branches or their reserve component;

(d)  Serving as an officer in the U.S. Public Health Service;

(e)  Being the spouse or dependent child of someone living or stationed in Michigan who is serving in the U.S. Army, Navy, Air Force, Marines, National Guard, Merchant Marine, or Coast Guard, whether on active duty or as a reservist; or

(f)  Being the spouse or dependent child of someone living or stationed in Michigan who is serving as an officer in the U.S. Public Health Service.

23.     Plaintiff enrolled at the University of Michigan at Dearborn in the fall of 2013, but was classified as a nonresident. As such, Plaintiff was charged out-of-state tuition, greatly increasing his tuition expenses.

---

[11] University of Michigan Guidelines for Qualifying for In-State Tuition, Section III, http://ro.umich.edu/resreg.php (last visited May 5, 2014).

24.     Plaintiff immigrated to the United States, and more specifically, Dearborn, Michigan, in 2006, and has resided there ever since.

25.     Plaintiff attended the eighth grade at Woodworth Middle School in Dearborn, Michigan, and graduated from Woodworth in 2007.

26.     Plaintiff attended Fordson High School in Dearborn, Michigan and graduated from Fordson in 2011.

27.     Plaintiff and his father, mother, and older brother are all United States Citizens. Each obtained citizenship in 2012.

28.     Prior to attending the University of Michigan at Dearborn, Plaintiff attended Henry Ford Community College for two years.

29.     Plaintiff transferred to the University of Michigan at Dearborn and began classes in the fall of 2013.

30.     Plaintiff had to submit an Application for Resident Classification.

31.     Plaintiff was told that he would originally be classified as a non-resident, but would be refunded the excess tuition if he was determined to be a resident after the review of his Application for Resident Classification.

32.     Plaintiff was denied residency status, and, therefore, was not eligible for in-state tuition.[12]

---

[12] Plaintiff also did not qualify for in-state tuition under Section II of the guidelines, Eligibility through attending Michigan schools. However, Plaintiff does

33.     It is Plaintiff's understanding that he was denied residency status due to his father's international business travel, his mother's temporary visitation to Lebanon to care for an ill relative, and his mother's visitation to Saudi Arabia for the Hajj pilgrimage, an unparalleled religious duty for the Islamic faith. Plaintiff's mother was overseas for approximately one month for her Hajj pilgrimage and three months while caring for an ill relative. However, neither of these activities impact Plaintiff or his family's residency in Michigan.

34.     Plaintiff expressed his concerns regarding his wrongful denial of in-state tuition, but his efforts were to no avail.

35.     In the end, Plaintiff has been denied in-state tuition despite being a domiciliary of Michigan and not of any other state.

36.     In fact, Plaintiff has met every single principle as noted in paragraph 13 of this Complaint.

37.     Plaintiff has established that the State of Michigan is his home and that he intends to remain in the State permanently.

38.     Plaintiff lives in Michigan, works a part-time job in Michigan, and attended Michigan middle and high schools. Plaintiff has only ever lived in Michigan after immigrating to the United States. Further, Plaintiff's parents live in

---

not challenge this denial and strictly challenges the determination of his residency status.

Michigan. There is no logical reason to demonstrate that Plaintiff has not established Michigan as his home.

39.     Plaintiff, a United States Citizen, and a domiciliary of Michigan, has been arbitrarily denied in-state tuition based on attenuated out-of-state connections that have no nexus to establishing actual residency.

40.     Plaintiff has been discriminated against due his immigration to the United States and his family's ties outside of the state, despite being a resident and a domiciliary of Michigan.

41.     Through its conduct, Defendant is excluding individuals who are bona-fide residents of Michigan, pay Michigan taxes, work in Michigan, contribute to the great State of Michigan, and contribute to local communities within Michigan, from obtaining equal access to an education from a Michigan education renowned around the world.

## CLASS ACTION ALLEGATIONS

**42.**     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as though fully set forth herein.

**43.** Plaintiff brings this action on behalf of himself and all those similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**44.** The class is defined as United States Citizens or permanent resident aliens, or those who have applications pending for permanent resident status, who have

been denied in-state tuition, are domiciled in Michigan (bona-fide residents), have immigrated to Michigan and maintain some out-of-state connections, although such connections have no rational nexus to actually determining residency. For example, the out-of-state connection could be having or visiting extended family outside of the State of Michigan or the United States. These individuals can be past, current, or future students of the University of Michigan who will enroll and be denied in-state tuition during the pendency of this litigation.

45. The Class meets the requirements of Rule 23(a). Although the precise size of the class cannot be determined at this time, given the size of the University of Michigan and the diversity of its student body, the class is likely to be so numerous that joinder of all members is impracticable.[13]

46. Questions of law and/or fact predominate among all members of the Class in that any legal and/or factual issues relating to the rights of Plaintiff as an

---

[13] As of Fall 2013, the University of Michigan had 40,710 students enrolled at its Ann Arbor campus, 9,003 students enrolled at its Dearborn campus, and 8,555 students enrolled at its Flint campus. Enrollment Report, http://www.pcsum.org/Portals/0/docs/PCSUM%20Enrollment%20FINAL%20with %20EMU%20and%20MTU%20Numbers%202013.pdf (last visited May 5, 2014). At each Campus, a substantial portion of the student body identities as a minority, which includes several individuals who have immigrated to Michigan. See Ethnicity Reports, http://www.umflint.edu/sites/default/files/groups/Analysis/ Documents/student_body_profile_fall_2013.pdf; http://ro.umich.edu/enrollment/ ethnicity.php (last visited May 5, 2014).

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

individual will be equally applicable to any and all class members. The allegations are class-wide. Class members will have been denied due process and equal protection of the law through the paying of out-of-state tuition despite being a domiciliary of Michigan just as Plaintiff was denied due process and equal protection under the law.

47. Plaintiff's claims are typical of the claims of the class because (a) they are similarly situated as students (current, past or future) of the University of Michigan, (b) have wrongfully been denied in-state tuition, and (c) are all seeking relief for the violation of the due process and equal protection rights.

48. Plaintiff will fairly and adequately represent the interests of all members of the proposed class because he seeks relief on behalf of the class as a whole and has no interests antagonistic to other members of the class. Plaintiff is represented by counsel with extensive expertise in class action litigation, including litigation regarding constitutional law and civil rights.

49. The maintenance of a class action is superior to other available methods of adjudication in promoting the convenient administration of justice because, inter alia:

(a) the prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront Defendant with incompatible standards of conduct;

(b) in view of the complexity of the issues and the expense of litigation, the spate claims of individual class members are insufficient in amount to support separate actions;

(c) it is probable that the amount which may be recovered by individual class members will be able enough in relation to the expense and effort of administering the action to justify a class action;

(d) individual class members do not have a significant interest in controlling the prosecution or defense of separate actions;

(e) the action will be manageable as a class action

(f) the prosecution of separate actions would create a risk of adjunctions with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

## COUNT I

### Violation of 42 U.S.C § 1983 and the Fourteenth Amendment Equal Protection Clause.

**50.**    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as though fully set forth herein.

**51.** The Fourteenth Amendment to the United States Constitution provides that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

LAW OFFICES

NABIH H. AYAD & ASSOCIATES P.C.

2200 Canton Center Road, Suite 220

CANTON, MICHIGAN 48187

(734) 983-0500

52. A state may not arbitrarily impose disparate treatment on similarly situated individuals.

53. Defendant has imposed disparate treatment on individuals who are residents of Michigan, but who have immigrated ties.

54. Defendant has imposed disparate treatment on these individuals through the denial of resident in-state tuition due to attenuated out-of-state conduct that has no nexus to actually establishing residency or domicile.

55. Individuals who have not immigrated to Michigan and do not possess these attenuated out-of-state contacts have not had this additional irrational scrutiny applied, therefore, creating a greater likelihood of obtaining in-state tuition.

56. Even if Defendant could articulate a legitimate justification for the disparate treatment, any such reason would not outweigh the burden placed on Plaintiff and the members of the Class.

57. By reason of the foregoing, Defendant, acting under color of state law, has deprived and will continue to deprive Plaintiff and members of the Class of equal protection under the law secured by them by the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C § 1983.

## COUNT II

### Violation of 42 U.S.C § 1983 and the Fourteenth Amendment Due Process Clause

**58.**     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as though fully set forth herein.

**59.** The Fourteenth Amendment to the United States Constitution pursuant to the Due Process Clause guarantees that that laws shall not be unreasonable, arbitrary or capricious, or applied as such.

**60.** Defendant has arbitrarily applied its residency guidelines to Plaintiff and the Class through the use of factors not identified in its residency guidelines that are wholly unrelated to Plaintiff's connection with the State of Michigan, residency in the State of Michigan, and domicile in the State of Michigan.

**61.** Plaintiff's denial of in-state tuition based upon his family's temporary, attenuated out-of-state contact, which bears no relationship to establishing residency, is an arbitrary enforcement of the authority granted to Defendant to determine residency eligibility.

62.     By reason of the foregoing, Defendant, acting under color of state law, has deprived and will continue to deprive Plaintiff and members of the Class of Due Process secured by them by the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

L A W   O F F I C E S
**NABIH H. AYAD & ASSOCIATES P.C.**
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

## COUNT III

### __Unjust Enrichment__

63.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as though fully set forth herein.

64.     Defendant has been unjustly enriched at the expense of and to the detriment of Plaintiff and the Class by wrongfully imposing, collecting, and retaining tuition and fees in excess of the required amounts under the facts and circumstances alleged in this complaint.

65.     Defendant's retention of the monies wrongfully collected from Plaintiff and the Class violates fundamental principles of justice, equity, and good conscience.

66.     Plaintiff and the Class are entitled to recover from Defendant all amounts as unjust enrichment that have been wrongfully and improperly collected and retained by Defendant, and Defendant should be required to disgorge the monies that it has unjustly obtained.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for an order and judgment against Defendant, as follows:

a. Certifying this case as a class action with Plaintiff certified as a representative of the Class;

b. Directing Defendant, and its appropriate officials, to refund and disgorge tuition and fees wrongfully charged to, and retained from, Plaintiff and members of the Class in amounts to be determined at trial, together with interest from the time of payment;

c. Ordering Defendant to pay to Plaintiff and each member of the Class their actual or statutory damages in amounts to be proven at trial;

d. Ordering Defendant to pay Plaintiff and each member of the Class their actual damages resulting from Defendant's unjust enrichment;

e. Directing Defendant, and its appropriate officials, to cease imposing and collecting tuition and fees in excess of the required amounts for in-state tuition;

f. Awarding to Plaintiff and the Class the costs and disbursements incurred in connection with this action, including attorneys' fees and expenses;

g. Ordering Defendant to permit Plaintiff to enroll in future classes at in-state tuition pricing during the pendency of this suit;

h. Ordering Defendant to release the hold on Plaintiff's account to enable Plaintiff to register for classes;

i. Directing Defendant to divulge the cases of students who have been reviewed for residency eligibility and have been denied in-state tuition, which can be obtained under a protective order to assure privacy;

j. Granting such other relief as the court deems proper.

## **DEMAND FOR JURY**

Plaintiff hereby requests a trial by jury on all counts pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

AYAD LAW, P.L.L.C.

____/s/ Nabih H. Ayad_____
Nabih H. Ayad (P59518)
Attorney for Plaintiff
2200 Canton Center Rd., Suite 220
Canton, MI 48187
(734) 983-0500
Dated: May 7, 2014          nayad@ayadlaw.com